IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DOROTHY M GIPSON** | ) | |
| | ) | |
|     **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **CITY OF CHICKASAW** | ) | |
| | ) | |
| | ) | **JURY DEMAND** |
| | ) | |
|     **DEFENDANT.** | ) | |

## COMPLAINT

**I.  INTRODUCTION**

1. This is an action brought by Dorothy Gipson ("Plaintiff") against the City of Chickasaw, Alabama for legal and equitable relief to redress race and gender discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (hereinafter "Title VII"). Plaintiff is a black female and was discriminated against based on her race and gender in violation of the Title VII. Plaintiff seeks injunctive relief, a declaratory judgment, injunctive relief, equitable relief, instatement, back pay, front pay, compensatory, liquidated damages, and reasonable attorney fees and costs.

**II.  JURISDICTION**

2. This Court has jurisdiction in accordance with 28 U.S.C. 28 U.S.C. §§ 1331, 1343, 1391, 2201, and 2202 and 42 U.S.C. § 2000e-5, et. seq. Venue is proper in the Southern District of Alabama under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f).

3. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act. On March 25, 2025, the Equal Employment Opportunity Commission issued a Right to Sue Notice. Plaintiff timely filed this lawsuit.

### III. PARTIES

4. Plaintiff Dorothy M. Gipson is an individual over the age of 40 years and a resident of Mobile County, Alabama. Plaintiff is qualified to perform the job of Police Chief and Police Officer for the City of Chickasaw.

5. Defendant City of Chickasaw ("Defendant") is located in Mobile County, Alabama. Defendant is an "employer" as defined under Title VII and is subject to compliance under the statutes. Defendant is an "employer" as defined under Title VII and is subject to compliance under the statutes. Defendant conducts business and is located in Mobile County, Alabama.

### IV. FACTUAL ALLEGATIONS

6. Plaintiff is black and female.

7. Plaintiff served from 1977-2015 with the Air Force and National Guard where she performed policing duties and maintained a Top Secret Clearance.

8. From April 2008 until March 2011, Plaintiff served as a Police Officer I with the Prichard Police Department.

9. From March 2011 through June 2012, Plaintiff served as a Deputy Sheriff I for the Mobile County Sheriff's Department.

10. Plaintiff served as a Police Officer 1 for Mount Vernon Police Department from April 2022 through May 2023. She successfully completed her working test period and then resigned.

11. On or about November 14, 2023, Plaintiff was rehired as a Police Officer 1 for the Mount Vernon Police Department.

12. On or around June 13, 2024, Plaintiff's employment with the Mount Vernon Police Department was terminated without any explanation or cause given.

13. On July 28, 2023, the Mobile County Personnel Board ("MCPB") referred Plaintiff to the Defendant on a list of eligible applicants for Police Officer positions.

14. Plaintiff was not hired by Defendant.

15. Plaintiff was not hired as a police officer due to her race.

16. White officers who were no more qualified than Plaintiff were hired to fill relevant police officer vacancies.

17. Male officers who were no more qualified than Plaintiff were hired to fill relevant police officer vacancies.

18. Plaintiff was not hired as a police officer due to her gender.

19. Plaintiff applied for a position as a School Resource officer with Defendant.

20. Plaintiff was not selected for this position.

21. Male officers who were no more qualified than Plaintiff were hired to fill the School Resource Officer position and the Defendant did not hire Plaintiff due to her gender.

22. White officers who were no more qualified than Plaintiff were hired to fill the School Resource Officer position and the Defendant did not hire Plaintiff due to her race.

23. On August 6, 2024, the MCPB referred Plaintiff as an applicant to the Defendant for a job as a School Traffic Officer. On August 15, 2024, Captain Tommy McDuffie rejected the application for this part-time, seasonal job with a "no action – leave on list" note.

24. Upon information and belief, male officers who were no more qualified than Plaintiff were hired to fill the School Traffic Officer position and/or the Defendant held this position and did not fill the vacancy to avoid hiring Plaintiff due to her race.

25. Upon information and belief, male officers who were no more qualified than Plaintiff were hired to fill the School Resource Officer position and/or the City held this position and did not fill the vacancy to avoid hiring Plaintiff due to her gender.

26. Because of such conduct, Plaintiff has suffered emotional distress, embarrassment, and humiliation.

27. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

## V. CAUSES OF ACTION

### COUNT I – CLAIM OF GENDER DISCRIMINATION UNDER TITLE VII FOR POLICE OFFICER POSITIONS

28. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs above with the same force and effect as if fully set out in specific detail herein below.

29. Plaintiff is female and a member of a protected class under Title VII.

30. Male officers who were no more qualified than Plaintiff were hired to fill relevant police officer vacancies.

31. Plaintiff was not hired as a police officer due to her gender.

32. Defendant does not have a non-discriminatory reason for its conduct.

33. Because of such conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation and loss of income and other benefits.

34. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's civil rights.

35. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, equitable relief, backpay (plus interest), an injunction, and compensatory damages are her only means of securing adequate relief.

36. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT II – CLAIM OF GENDER DISCRIMINATION UNDER TITLE VII FOR SCHOOL RESOURCE OFFICER POSITION

37. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs above with the same force and effect as if fully set out in specific detail herein below.

38. Plaintiff is female and a member of a protected class under Title VII.

39. Male officers who were no more qualified than Plaintiff were hired to fill the school resource officer vacancies.

40. Plaintiff was not hired as a school resource due to her gender.

41. Defendant does not have a non-discriminatory reason for its conduct.

42. Because of such conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation and loss of income and other benefits

43. Defendant's actions were willful, with malice and with reckless disregard for her civil rights.

44. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, equitable relief, backpay (plus interest), an injunction, and compensatory damages are her only means of securing adequate relief.

45. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT III – CLAIM OF GENDER DISCRIMINATION UNDER TITLE VII FOR SCHOOL TRAFFIC OFFICER POSITION

46. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs above with the same force and effect as if fully set out in specific detail herein below.

47. Plaintiff is female and a member of a protected class under Title VII.

48. Male officers who were no more qualified than Plaintiff were hired to fill relevant school traffic officer vacancies.

49. Plaintiff was not hired as a school traffic officer due to her gender.

50. Defendant does not have a non-discriminatory reason for its conduct.

51. Because of such conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation and loss of income and other benefits.

52. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's civil rights.

53. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, equitable relief, backpay (plus interest), an injunction, and compensatory damages are her only means of securing adequate relief.

54. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

### COUNT IV – CLAIM OF RACE DISCRIMINATION UNDER TITLE VII FOR POLICE OFFICER POSITIONS

55. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs above with the same force and effect as if fully set out in specific detail herein below.

56. Plaintiff is black and a member of a protected class under Title VII.

57. White officers who were no more qualified than Plaintiff were hired to fill relevant police officer vacancies.

58. Plaintiff was not hired as a police officer due to her race.

59. Defendant does not have a non-discriminatory reason for its conduct.

60. Because of such conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation and loss of income and other benefits

8

61. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's civil rights.

62. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, equitable relief, backpay (plus interest), an injunction, and compensatory damages are her only means of securing adequate relief.

63. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT V – CLAIM OF RACE DISCRIMINATION UNDER TITLE VII FOR SCHOOL RESOURCE OFFICER POSITION

64. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs above with the same force and effect as if fully set out in specific detail herein below.

65. Plaintiff is black and a member of a protected class under Title VII.

66. White officers who were no more qualified than Plaintiff were hired to fill the school resource officer vacancies.

67. Plaintiff was not hired as a school resource due to her race.

68. Defendant does not have a non-discriminatory reason for its conduct.

69. Because of such conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation and loss of income and other benefits.

70. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's civil rights.

71. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, equitable relief, backpay (plus interest), an injunction, and compensatory damages are her only means of securing adequate relief.

72. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## COUNT VI – CLAIM OF RACE DISCRIMINATION UNDER TITLE VII FOR SCHOOL TRAFFIC OFFICER POSITION

73. Plaintiff re-alleges and incorporates by reference the foregoing paragraphs above with the same force and effect as if fully set out in specific detail herein below.

74. Plaintiff is black and a member of a protected class under Title VII.

75. White officers who were no more qualified than Plaintiff were hired to fill relevant police officer vacancies.

76. Plaintiff was not hired as a police officer due to her race.

77. Defendant does not have a non-discriminatory reason for its conduct.

78. Because of such conduct, Plaintiff has suffered emotional distress, embarrassment, humiliation and loss of income and other benefits.

79. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's civil rights.

80. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and this suit for a declaratory judgment, equitable relief, backpay (plus interest), an injunction, and compensatory damages are her only means of securing adequate relief.

81. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendant, including the actions taken against Plaintiff by Defendant, are violative of Plaintiff's rights as secured by the Title VII.

2. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the

Defendant, and at the Defendant's request, from continuing to violate Plaintiff's rights as well as those who are similarly situated pursuant to Title VII.

3. Award Plaintiff damages including instatement, back pay plus interest, front pay, and compensatory damages.

4. Award Plaintiff reasonable costs, attorney's fees and expenses.

5. Award such other relief and benefits as the cause of justice may require.

Respectfully submitted,

*/s/ Russell W. Adams.*
Russell W. Adams (asb-376 0A62R)
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone: (205) 314-0500
radams@wigginschilds.com


**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

*/s/ Russell W. Adams*
OF COUNSEL


DEFENDANT'S ADDRESS:
Barry Broadhead, Mayor
City of Chickasaw
224 N. Craft Highway
P.O. Box 11307
Chickasaw, AL 36671